**Michael K. STRATTON, and Debra S. Stratton, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV. 1:98cv218.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Dec. 11, 1998.

Michael K Stratton, New Haven, CT, Pro se.

Debra S Stratton, New Haven, CT, Pro se.

Stratton Family Ltd. Partnership, New Haven, CT, Pro se.

Gerald H Parshall, Jr., U.S. Department of Justice, Washington, DC, for United States of America, Internal Revenue Service, defendants.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a petition to quash and on a motion for partial summary judgment filed by the Petitioners on July 15, 1998 and October 7, 1998, respectively. Also before the court is a motion to dismiss, filed by the government, on November 4, 1998. The Petitioners have failed to file a response to the government's motion to dismiss, and the time in which to do so has expired. For the following reasons, the Government's motion to dismiss will be granted.

### Discussion

On or about June 19, 1998, Internal Revenue Officer M. Cook issued an administrative summons to Norwest Bank Indiana, N.A., Fort Wayne, Indiana. The summons was issued "In the matter of Michael K. Stratton & Debra S. Stratton–Stratton Family Ltd Partnership, Stratton Auto Sales". The summons directs Norwest Bank to produce specific bank statements, depository receipts, and specific checks drawn on the Petitioners' accounts.

In their petition to quash, the Petitioners assert that the summons is defective and unenforceable for a garden variety of reasons, but their primary argument appears to be that they did not receive notice of the summons. In their motion for partial summary judgment, the Petitioners assert that since the summons was issued for purposes other than the collection of an assessed tax, the summons is not excepted from the notice provisions as set forth in Internal Revenue Code § 7609(c)(2). In response to the Petitioners' motion for partial summary judgment, the government has filed a motion to dismiss based on sovereign immunity and lack of subject matter jurisdiction.

■ Actions cannot be maintained against the United States unless it has expressly consented to be sued. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47

L.Ed.2d 114 (1976). Waivers of the United States' sovereign immunity from suit must be strictly construed. *Testan,* 424 U.S. at 399, 96 S.Ct. 948. The United States has consented to suit on Internal Revenue Service summonses only as provided within the bounds of 26 U.S.C. § 7609(b)(2), which gives the right to sue to quash an IRS summons to "any person who is entitled to notice of a summons under subsection (a)." 26 U.S.C. § 7609(b)(2)(A). Subsection (a) of section 7609 applies only to a "summons described in subsection (c)." 26 U.S.C. § 7609(a)(1)(A). However, a summons issued in aid of the collection of an assessed liability is explicitly excepted out of the notice requirements by section 7609(c)(2)(B). Therefore,. "[a] person has the right to bring a proceeding to quash a summons only if he or she is entitled to notice." *Davidson v. United States,* 1998 WL 339541, *1 (10th Cir.1998). "Thus if a summons is issued in aid of collection, no notice is required, and the district court does not have subject matter jurisdiction over a petition to quash the summons." *Id.*

 It is undisputed that the summons in the present case was issued in the aid of collection of tax liabilities. However, since the summons was also arguably issued for other purposes, *i.e.* to obtain records relating to the tax liability of the petitioners or to inquire into any offense connected with the administration or enforcement of the internal revenue laws concerning the Petitioners, the Petitioners contend that notice of the summons was required.

In response, the government points out that the governing statute does not require that a summon's sole purpose must be in the aid of collection of tax liabilities, and argues that dual purpose summons are also excepted from the notice provisions. The government relies on *Pflum v. United States,* 125 F.3d 862 (Table, unpublished opinion), 80 A.F.T.R.2d 97–6755, 97–2 U.S. Tax Cas. (CCH) ¶ 50,745 (10th Cir.1997), wherein the Court stated:

> Turning to the merits of the petition to quash the Kansas summons, plaintiff attempts to establish that the exception to jurisdiction of § 7609(c)(2)(B)(i) does not apply to him. In so doing, he quotes the language from the House Report pertaining to that statute to the effect that the

exception to district court jurisdiction over motions to quash applies only when the summons is issued "solely for the purposes of collection." Appellant's Br. at 10. The word "solely," however, did not survive the legislative process and is not contained in the statute, which provides simply that proceedings to quash are not authorized if a summons is "in aid of the collection of [ ] the liability of any person against whom an assessment has been made or judgment rendered." 26 U.S.C. § 7609(c)(2)(B)(i); *see also Patrick v. United States,* No. 95–CV–70260, 1995 WL 611602, at *2 (E.D.Mich. Aug.17, 1995).

The summons served by the IRS states that the recipient must give testimony and provide data "relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." Appellant's App. at 20. Further, the agent who caused the summons to be issued testified that she did so in order to aid in the collection of a trust fund recovery penalty assessed against plaintiff in 1989.

In the present case, the government has submitted the Declaration of Revenue Officer Madeline Cook, which states that the summons in this case was issued by a collection officer for the purpose of collecting the assessed liabilities of the individual Petitioners. Cook Decl. at ¶¶ 5–7.

In light of the controlling statute and case law, and considering the Cook Declaration, this court rules that the Petitioners were not entitled to notice of the summons and, therefore, this court does not have subject matter jurisdiction in this case. In any event, even if subject matter jurisdiction was present it is clear that the Petitioners have failed to allege damages from the lack of notice to them. Moreover, it is undisputed that the Petitioners did receive notice of the summons at issue as they timely filed a petition to quash. Consequently, the Petitioners have no case. *United States v. Texas Heart Institute,* 755 F.2d 469, 477–78 (5th Cir.1985, overruled on other grounds by *United States v. Barrett,* 837 F.2d 1341 (5th Cir.1988)(en banc).

*Conclusion*

For all of the foregoing reasons, the government's motion to dismiss is hereby GRANTED. Further the Petitioners' petition to quash and motion for partial summary judgment are both hereby DENIED.